DARREN LANDIE
Law Offices of Darren Landie
2600 Walnut Ave., Suite E
Tustin, CA 92780
714-544-3291
Fax: 714-276-6110
Email: darren@landielaw.com

*Attorney for Defendant Caribbean Cruise Line*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW STAVELEY; INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>CARIBBEAN CRUISE LINE, INC.,<br><br>Defendants. | Case No. Case No. 2:14-cv-04889-R-PLA<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

Defendant CARIBBEAN CRUISE LINE, INC. ("CCL") submits its ANSWER and AFFIRMATIVE DEFENSES in response to Plaintiff DREW STAVELEY Class Action Complaint (the "Complaint").

*Staveley v. CCL*
Case No. 2:14-cv-04889-R-PLA
*Defendant's Answer and Affirmative Defenses*

# ANSWER[1]

## INTRODUCTION

1.     CCL denies the truth of the allegations contained in Paragraph 1 of the Complaint except that Plaintiff, Drew Staveley, tries to bring a Class Action Complaint for damages, injunctive relief and other available remedies as a result of alleged negligent or intentional conduct Plaintiff alleges violates the Telephone Consumer Protection Act ("TCPA").

2.     CCL denies the truth of the allegations contained in Paragraph 2 of the Complaint except that Plaintiff purports to cite case law and CCL refers to the TCPA and the case cited for proper citation, interpretation and effect.

3.     CCL denies the truth of the allegations contained in Paragraph 3 of the Complaint except that Plaintiff purports to cite Congressional transcripts and case law and CCL refers to the cited materials for proper citation, interpretation and effect.

4.     CCL denies the truth of the allegations contained in Paragraph 4 of the Complaint except that Plaintiff purports to cite cases and/or refer to other official materials and CCL refers to the cited materials for proper citation, interpretation and effect.

---

1.    CCL denies each and every allegations, matter, statement and thing contained in the Complaint except as may be hereinafter admitted, qualified or otherwise explained.

5. CCL denies the truth of the allegations contained in Paragraph 5 of the Complaint except that Plaintiff purports to cite a case and CCL refers to that case for proper citation, interpretation and effect.

## JURISDICTION AND VENUE

6. CCL denies the truth of the allegations contained in Paragraph 6 of the Complaint except that Plaintiff purports to cite to the TCPA and a case and CCL refers to the cited materials for proper citation, interpretation and effect. CCL otherwise admits that this Court has federal question jurisdiction for claims arising out of alleged violations of the TCPA.

7. CCL denies the truth of the allegations contained in Paragraph 7 of the Complaint except that Plaintiff claims to reside in the County of San Luis Obispo, State of California.

## PARTIES

8. CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint except CCL refers all questions of law to the Court for its consideration.

9. CCL denies the truth of the allegations contained in Paragraph 9 of the Complaint except CCL refers all questions of law to the Court for its consideration. CCL otherwise admits that it is a cruise sales company and that its State of Information and principal place of business are in the State of Florida.

## FACTUAL ALLEGATIONS

10. CCL denies the truth of the allegations contained in Paragraph 10 of the Complaint.

11. CCL denies the truth of the allegations contained in Paragraph 11 of the Complaint.

12. CCL denies the truth of the allegations contained in Paragraph 12 of the Complaint.

13. CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. CCL denies the truth of the allegations contained in Paragraph 14 of the Complaint.

15. CCL denies the truth of the allegations contained in Paragraph 15 of the Complaint.

16. CCL denies the truth of the allegations contained in Paragraph 16 of the Complaint.

17. CCL denies the truth of the allegations contained in Paragraph 17 of the Complaint except CCL refers all questions of law to the Court for its interpretation.

18. CCL denies the truth of the allegations contained in Paragraph 18 of the Complaint.

19123034v1

19. CCL denies the truth of the allegations contained in Paragraph 19 of the Complaint except CCL refers all questions of law to the Court for its interpretation.

20. CCL denies the truth of the allegations contained in Paragraph 20 of the Complaint except CCL refers all questions of law to the Court for its interpretation.

21. CCL denies the truth of the allegations contained in Paragraph 21 of the Complaint except CCL refers all questions of law to the Court for its interpretation.

22. CCL denies the truth of the allegations contained in Paragraph 22 of the Complaint except CCL refers all questions of law to the Court for its interpretation.

23. CCL denies the truth of the allegations contained in Paragraph 23 of the Complaint except CCL refers all questions of law to the Court for its interpretation.

## CLASS ACTION ALLEGATIONS

24. CCL denies the truth of the allegations contained in Paragraph 24 of the Complaint except that Plaintiff attempts to bring a class action.

25. CCL denies the truth of the allegations contained in Paragraph 25 of the Complaint.

26. CCL denies the truth of the allegations contained in Paragraph 26 of the Complaint.

27. CCL denies the truth of the allegations contained in Paragraph 27 of the Complaint.

28. CCL denies the truth of the allegations contained in Paragraph 28 of the Complaint except that Plaintiff attempts to bring this lawsuit for recovery of only damages and injunctive relief for recovery of economic injury on behalf of the Class.

29. CCL denies the truth of the allegations contained in Paragraph 29 of the Complaint.

30. CCL denies the truth of the allegations contained in Paragraph 30(a) to 30(e) of the Complaint.

31. CCL denies the truth of the allegations contained in Paragraph 31 of the Complaint.

32. CCL denies the truth of the allegations contained in Paragraph 32 of the Complaint.

33. CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. CCL denies the truth of the allegations contained in Paragraph 34 of the Complaint.

35. CCL denies the truth of the allegations contained in Paragraph 35 of the Complaint.

# FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

36. In answering Paragraph 36 of the Complaint, CCL hereby incorporates its answers to all preceding Paragraphs as if fully set forth herein.

37. CCL denies the truth of the allegations contained in Paragraph 37 of the Complaint except CCL refers to the referenced statute for its proper citation interpretation and effect and all questions of law to the Court for its consideration.

38. CCL denies the truth of the allegations contained in Paragraph 38 of the Complaint except CCL refers all questions of law to the Court for its consideration.

39. CCL denies the truth of the allegations contained in Paragraph 39 of the Complaint.

# SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 .S.C. § 227 ET SEQ.

40. In answering Paragraph 40 of the Complaint, CCL hereby incorporates its answers to all preceding Paragraphs as if fully set forth herein.

41. CCL denies the truth of the allegations contained in Paragraph 41 of

the Complaint except CCL refers all questions of law to the Court for its consideration.

42. CCL denies the truth of the allegations contained in Paragraph 42 of the Complaint except CCL refers all questions of law to the Court for its consideration.

43. CCL denies the truth of the allegations contained in Paragraph 43 of the Complaint.

## PRAYER FOR RELIEF

Answering the unnumbered paragraph in the "Prayer for Relief" section of the Complaint, CCL denies that Plaintiff is entitled to the relief sought.

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

Answering the unnumbered paragraphs in the "First Cause of Action for Negligent Violation of the TCPA, 47 U.S.C. § 227 et seq." section of the Complaint, CCL denies that Plaintiff is entitled to the relief sought.

## SECOND CAUSE OF ACTION FOR KNOWING/WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

Answering the unnumbered paragraphs in the "Second Cause of Action for Knowing/Willful Violation of the TCPA, 47 U.S.C. § 227 et seq." section of the Complaint, CCL denies that Plaintiff is entitled to the relief sought.

### TRIAL BY JURY

44. CCL denies the truth of the allegations contained in Paragraph 44 of the Complaint except CCL refers all questions of law to the Court for its consideration and admits that Plaintiff demands a trial by jury.

### AFFIRMATIVE DEFENSES

CCL states that it intends to rely upon and otherwise preserve the following defenses in defense of Plaintiff's Complaint, and respectfully reserves the right to assert other defenses if facts learned in discovery warrant amendment of CCL's Defenses. Accordingly, CCL asserts the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action. Further, this defense includes but is not limited to, Plaintiff's failure to state a claim under the TCPA because CCL did not make or initiate the alleged text message to Plaintiff. 47 U.S.C. § 227(b)(1)(A). Compare

9

this Subsection to Subsection 227(c)(5) (allowing an "on behalf of" liability claim for solicitations to those on the national Do Not Call list). Subsection 227(c)(5) is the only section within the entire text of the TCPA where Congress chose to use the words "on behalf of". Subsection 227(c) is not at issue in this case. *See also Ashland Hosp. Corp. v. International Brotherhood of Electrical Workers Local 575*, 807 F. Supp. 2d 633 (E.D. Ky. 2011) (dismissing a complaint brought against an entity that did not make the alleged violative calls); *Thomas v. Taco Bell Corp.*, SACV 09-01097-CJC, 2012 WL 3047351 at * 4 (C.D. Cal. June 25, 2012) (finding that Section 227(b) imposes liability only on the "maker" of the call); *Mey v. Pinnacle Security, LLC*, Civil Action No. 5:11CV47, 2012 WL 4009718, *4 (N.D. W. Va. Sep. 12) (finding that Section 227(b)(3) imposes liability only on the "maker" of the call); *Zerson v. PT Ins. Group*, No. 11 C 7919, 2012 WL 5936286 (N.D. Ill. Nov. 27) (analyzing a junk fax TCPA claim pursuant to § 227(b)(1)(C) and refusing to impose liability on the entity that did not send the alleged violative fax despite paying a third party to send the fax on its behalf); *Zhu v. Dish Network, LLC*, 808 F.Supp.2d 815 (E.D. Va. 2011) (concluding that the VTPPA did not impose liability on the provider whose independently controlled telemarketers violated the statute); *Lary v. VSB Financial Consulting, Inc.*, 910 So. 2d 1280 (Ala. Civ. App. 2005) (concluding that liability may be affixed upon a person who "makes" a telephone call or "uses" a fax machine and refusing to impose liability

upon a company's promoter where there was no evidence of direct involvement in the decision to send, or in the sending of, the allegedly prohibited facsimiles); *Charvart v. Farmers Insurance Columbus* (2008), 178 Ohio App. 3d 118, 2008-Ohio-4353, 897 N.E.2d 167.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23, in that, *inter alia*, the claims Plaintiff asserts cannot be common or typical of the claims of the putative class, nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff asserts warrant class treatment. Further, the proposed class is overly broad.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to satisfy all conditions precedent and necessary to maintaining his claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, and none being admitted, were not caused by CCL, but by another person or entity, including Plaintiff, for whom CCL is not responsible and over whose activities CCL exercises no control and/or has no right to control.

## FIFTH AFFIRMATIVE DEFENSE

CCL is not liable for the acts of the third party(ies) making and/or initiating the text message(s) and recovery, if any, should be from the third party(ies) that made and/or initiated the text message(s), not CCL. *See Mais v. Gulf Coast Collection Bureau, Inc.*, No. 11-61936-CIV, 2013 WL 1899616, *12 (S.D. Fla. May 8, 2013); *Applestein v. Fairfield Resorts*, No. 0004, Sept. Term, 2007, 2009 WL 5604429 (Md. Ct. Spec. App. July 8, 2009); *see also Taco Bell Corp.*, 2012 WL 3047351 at * 4; *Mey*, 2012 WL 4009718 at *4.

## SIXTH AFFIRMATIVE DEFENSE

CCL is not liable for acts of a third party(ies) that made the alleged text message(s) because such party(ies) was(were), at all relevant times, separate and distinct from CCL and CCL has no ownership, direction or control of any such party(ies).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his and class members' consent to receive text messages on their cellular and/or residential telephones.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff did not suffer any actual damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to join necessary and indispensable parties.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for treble damages are barred because CCL did not engage in knowing or willful misconduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

CCL complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by CCL's compliance with all applicable State, Federal, and local laws and regulations.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA violates CCL's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA, within the context of a class action, is violative of CCL's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

### SIXTEENTH AFFIRMATIVE DEFENSE

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions. The TCPA's legislative history supports a conclusion that class actions were not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney. In holding that a class action could not proceed under the TCPA, one federal district court determined that "the statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf...A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements. *See Forman,* 164 *F.R.D.* 400, at 404-05.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Unclean Hands.

14

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to hold CCL liable under the TCPA for text messages it did not make and/or initiate, the TCPA does not provide for any such liability, including, but not limited to, strict "on behalf of" liability.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any, based in part on Plaintiff's failure to notify that text messages were made to his cellular telephone and failure to request that the text messages cease.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of ratification.

### TWENTY--FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the text messages were not sent using an automatic telephone dialing system as defined under the TCPA.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the text messages about which Plaintiff complains do not constitute telephone solicitations, because they were not made for the purpose of encouraging the purchase of property, goods, or services.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent

Plaintiff's claims may be barred by one or more of the affirmative defenses not specifically cited above, CCL incorporates all such defenses set forth in, or contemplated by, Rule 8(c).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrines of Laches and/or Waiver.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of *In Pari Delicto*.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Plaintiff's Complaint does not describe the claims made against CCL with sufficient particularity to enable CCL to determine what additional defenses it may have in response to the Complaint; CCL therefore reserves its right to assert any additional defenses which may be applicable once the precise nature of the underlying matters is pleaded or otherwise ascertained through discovery, investigation, or otherwise.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to hold CCL liable under any theory of vicarious liability, no such claims have been pleaded nor does the law provide for such a remedy.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the exceptions provided under the TCPA.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the imposition on Defendants of statutory damages and/or exemplary/punitive damages under the TCPA would violate the Due Process provisions of both the United States Constitution and the New York Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or should be stayed pursuant to the doctrine of primary jurisdiction and this Court's inherent powers in light of the several Petitions for Declaratory Ruling pending before the FCC and the numerous previously filed class actions against CCL seeking to certify identical classes.

## RESERVATION

CCL reserves the right to amend this Answer up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

WHEREFORE, Defendant, Caribbean Cruise Line, Inc., respectfully requests that this Court enter judgment against Plaintiff and in favor of CCL,

dismiss this action with prejudice, deny Plaintiff's request for class certification, award CCL its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

DATED: August 7, 2014

Respectfully Submitted,

/s/ Darren Landie
DARREN LANDIE
Law Offices of Darren Landie
2600 Walnut Ave., Suite E
Tustin, CA 92780
714-544-3291
Fax: 714-276-6110
Email: darren@landielaw.com

*Attorney for Defendant Caribbean Cruise Line*

*Staveley v. CCL*
Case No. 2:14-cv-04889-R-PLA
*Defendant's Answer and Affirmative Defenses*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification on this 7th August, 2014.

| | |
|---|---|
| **Joshua B Swigart**<br>Hyde and Swigart<br>2221 Camino del Rio South Suite 101<br>San Diego, CA 92108<br>619-233-7770<br>Fax: 619-297-1022<br>Email: josh@westcoastlitigation.com | **Seyed Kazerounian**<br>Kazerouni Law Group APC<br>245 Fischer Avenue Suite D1<br>Costa Mesa, CA 92626<br>800-400-6808<br>Fax: 800-520-5523<br>Email: ak@kazlg.com |
| **Todd M Friedman**<br>Law Offices of Todd M Friedman PC<br>324 South Beverly Drive Suite 725<br>Beverly Hills, CA 90212<br>877-206-4741<br>Fax: 866-633-0228<br>Email: tfriedman@attorneysforconsumers.com | **Matthew M Loker**<br>Kazerouni Law Group APC<br>245 Fishcer Avenue Unit D1<br>Costa Mesa, CA 92626<br>800-400-6808<br>Fax: 800-520-5523<br>Email: ml@kazlg.com |

　　　　　　　　　　　*/s/Darren Landie*
　　　　　　　　　　　DARREN LANDIE